purports to be an improvement of an existing machine, is to ascertain whether it be a real and material improvement or only a change of form. In such cases it is necessary to ascertain, with as much accuracy as the nature of such inquiries admits, the boundaries between what was known and used before, and what is new in the mode of operation. The inquiry, therefore, must be, not whether the same elements of motion, or the same component parts, are used, but whether the given effect is produced substantially by the same mode of operation and the same combination of powers in both machines, or whether some new element, combination, or feature has been added to the old machine, which produces either the same effect in a cheaper or more expeditious manner, or an entirely new effect, or an effect that is in some material respects superior, though in other respects similar, to that produced by the old machine."

Upon the whole, I think a new trial ought to be granted.

## Case No. 5,157.

In re FUNKENSTEIN et al.

[1 Pac. Law Rep. 11.]

District Court, D. California. Nov. 8, 1870.

## Case No. 5,158.

### In re FUNKENSTEIN.

[3 Sawy. 605;[1] 14 N. B. R. 213; 8 Chi. Leg.. News, 345; 3 Cent. Law J. 448; 3 N. Y. Wkly. Dig. 92.]

District Court, D. California. April 18, 1876.

Joseph Naphtaly, for petitioning creditors.
David Freidenrich, for opposing creditors.

HOFFMAN, District Judge. The petition against the bankrupt in this case was filed on the ninth of April, 1875. It contained the usual averment that the petitioners constituted one-fourth in number of the creditors of

---

[1] [Reported by L. S. B. Sawyer, Esq., and. here reprinted by permission.]